STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF HENNEPIN                                    FOURTH JUDICIAL DISTRICT

| Zoe Horton, | |
|---|---|
| Plaintiff, v. St. Therese Foundation Inc., d/b/a St. Therese of New Hope, Defendant. | **SUMMONS** |

**THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANTS:**

1. YOU ARE BEING SUED. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

2. YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS. You must give or mail to the person who signed this Summons a written response called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the persons who signed this Summons located at: <u>see addresses below</u>.

3. YOU MUST RESPOND TO EACH CLAIM. The Answer is your written response to the Plaintiffs Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for In the Complaint, you must say so in your Answer.

4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS. If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint If you do not want to contest the claims stated In the Complaint, you do not need to respond. A Default Judgment can then be entered against you for the relief requested in the Complaint.

**EXHIBIT A**

5.   LEGAL ASSISTANCE. You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. Even If you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.

6.   ALTERNATIVE DISPUTE RESOLUTION. The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: November 1, 2018

SATRE LAW FIRM

Eric D. Satre, MN Bar No. 183015
Attorney for Plaintiffs
US BANK CENTER
101 Fifth Street East, Suite 2600
Saint Paul, MN 55101
Telephone: (651) 212-4919
Facsimile: (651) 212-4203
esatre@satrelaw.com
admin@satrelaw.com

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Case Type: Employment

Zoe Horton,

      Plaintiff,

**COMPLAINT**

v.

St. Therese Foundation Inc., d/b/a St. Therese of New Hope,

      Defendant.

---

Plaintiff Zoe Horton, for her complaint against Defendant, states and allege as follows:

## INTRODUCTION

1. In this action, Plaintiff, Zoe Horton seeks redress for violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§21 et seq. At all relevant times hereto, the Defendant had a consistent and uniform policy of (1) requiring their employees, including the Plaintiff to work off the clock for periods of time by either telling them that they had to complete their daily reports at the conclusion of their shift, [after they checked out] and/ or by automatically deducting for an uninterrupted, unscheduled, lunch break that they were unable to take.

## PARTIES

2. Plaintiff Zoe Horton is a former employee of the Defendants. She resides in Minnesota. Ms. Horton was a nonexempt employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. §§203(e)(1).

3. Defendant St. Therese Foundation Inc., d/b/a St. Therese of New Hope, (hereinafter "St. Therese") is a Minnesota Corporation. Defendant St. Therese does business in Hennepin County and throughout the metropolitan Minneapolis and St. Paul area.

4. At all times relevant to this Complaint, St. Therese was Plaintiff's "employer" within the meaning of 29.U.S.C. §§ 203 (d) and 203(s) (i) (A), in that it engaged in interstate commerce because it obtains funding from Medicare and Medicaid and had gross revenue exceeding $500,000 per year.

## JURISDICTION AND VENUE

5. This court has jurisdiction over the parties and claims alleged by Plaintiff because the events alleged herein affecting the Plaintiff occurred in the State of Minnesota.

6. Venue in this Court is proper in that Defendant does business in Hennepin County, Minnesota and the underlying transactions occurred in Hennepin County.

## FACTUAL ALLEGATIONS

7. At all times material hereto, Defendant employed Plaintiff as a Nursing Assistant at its Saint Therese of New Hope nursing home at 8000 Bass Lake Road, New Hope, Minnesota.

8. Plaintiff routinely was scheduled for work during set hours. However, despite the fact that the work schedule was set, when Plaintiff completed her assigned shift she was required to fill out the daily reports that covered her duties as she completed them during that shift. Plaintiff had no choice but to tend to her floor during the assigned time, then check out and often go to another floor to fill out the extensive daily reports required by her employer.

9. In addition, Plaintiff and other nursing assistants were subject to an automatic deduction of half-an-hour each day even though she would not have an uninterrupted half an

hour to take her lunch. As a result, on a daily basis she performed uncompensated, off the clock work.

10. On information and belief, Defendant had and continues to have a policy or practice of not paying proper employee compensation, and instead required them to work "off the clock". Because of these policies or practices, Plaintiff along with other similarly situated employees, worked in the course of their employment several hours per week in excess of the hours that they were paid for by the employer in violation of federal law.

11. The named Plaintiff is similarly situated to other former and current employees of the defendant in that their workplace was the same and the method of time calculation they were subjected to was substantially similar, they were required to work and did work in excess of forty hours per week, and they were not paid the correct compensation for such overtime work in violation of federal law.

12. Defendant had and continue to have a policy or practice of not paying proper employee overtime, by requiring or tolerating and permitting work off the clock in violation of the Fair Labor Standards Act.

## COUNT I
### Overtime Wage Claims Under the Fair Labor Standards Act

Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint.

13. At all relevant times herein, the Plaintiff was individually employed by Defendant and were in no way excluded from the definition of the term "employee" as it is defined in 29 U.S.C. §203(e)(1). At all relevant times herein, Defendant was an "employer" within the meaning of 29 U.S.C. §203(d).

3

14. The pay of the Plaintiff was not calculated by the Defendant based upon the number of hours she actually worked, and her hours were automatically decreased by half an hour each day even though Plaintiff did not receive an uninterrupted lunch break.

15. In addition, each day at the completion of her shift, Plaintiff had to check out and then electronically complete the daily reports which at times took more than an hour to complete.

16. Oftentimes, Plaintiff could not even complete those reports on the floor she had been assigned to because the co-workers who had also been assigned to that floor were filling out their own post-shift daily reports at the only computer terminals available on that floor.

17. Defendant's scheme and failure or refusal to pay the Plaintiff's wages due and owing to Plaintiff at her regular rate and at the overtime rate of time and a half for hours worked in excess of forty hours week constitutes a violation of the Fair Labor Standards Act, 29 U.S.C. §207. Plaintiff thereby suffered loss of overtime compensation as a direct and proximate result of such violation.

18. The aforesaid conduct by the Defendant was willful or intentional, done in bad faith, or was in reckless disregard as to whether the conduct violated the FLSA. Defendant knew or should have known that such conduct was in violation of the FLSA.

19. As a result of Defendant's unlawful conduct, the Plaintiff is entitled to judgment in a reasonable amount as may be proved at trial for their unpaid overtime compensation, liquidated damages, interest, and reasonable attorneys' fees and costs, in accord with the remedial provisions of the Act, 29 U.S.C. §216(b).

**WHEREFORE,** Plaintiff prays for judgment of this Court against the Defendant as follows:

1.  Declaring Defendant's actions to violate the plaintiff's rights in each of the respective claims asserted above;

2.  Restraining and enjoining the Defendant from engaging in similar unlawful conduct in the future;

3.  Declaring that the Defendant's violations of the FLSA were willful;

4.  Awarding Plaintiff damages in the amount of overtime and unpaid-wage compensation as may be determined at trial, attorneys' fees and costs and disbursements incurred herein;

5.  Awarding Plaintiff liquidated damages in amounts equal to the overtime and unpaid-wage compensation awarded to her as well as prejudgment interest;

6.  Granting other and further relief as may be deemed just and equitable.

## JURY TRIAL DEMANDED

The plaintiffs request a jury trial on all questions of fact raised by the Complaint.

Date: 11/6/18

SATRE LAW FIRM

By: [signature]
Eric D. Satre (Atty. Id. # 183015)
US BANK CENTER, STE 2600
101 East Fifth Street
St. Paul, MN 55101
(651) 212-4919
esatre@satrelaw.com
admin@Satrelaw.com

## ACKNOWLEDGMENT

Plaintiff, through the undersigned, hereby acknowledges that, pursuant to Minn. Stat. § 549.211, Subd. 2, costs, disbursements, and reasonable attorney and witness fees may be awarded to the opposing party or parties in this litigation if the Court should find that the undersigned or his client acted in bad faith; asserted a claim or defense that is frivolous and that is costly to the other party; asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass; or committed a fraud upon the Court.

Date: 11/1/18

_____
Eric D. Satre (Atty. Id. # 183015)